FILED
2017 Aug-28  AM 10:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### *Eastern Division*

| | |
|---|---|
| STACY GREEN, | ) |
| | ) |
| Plaintiff, | ) **C.A. No.:** |
| | ) |
| v. | ) |
| | ) |
| NAVIENT SOLUTIONS, LLC, | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| Defendant. | ) **JURY TRIAL** |
| | ) |
| | ) |

## COMPLAINT

STACY GREEN ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NAVIENT SOLUTIONS, LLC ("DEFENDANT"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

- 1 -

3.     Defendant regularly conducts business in the State of Alabama, thus, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6.     Plaintiff is a natural person residing in Wellington, Alabama 36279.

7.     Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.     Defendant is a business entity with an office located at 123 Justison Street, Suite 300, Wilmington, Delaware 19801.

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.    Plaintiff has a cellular telephone.

11.    Plaintiff has only used this phone as a cellular telephone.

12.    Beginning sometime before May 2016 and continuing through April 2017, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number seeking to collect an account balance.

13.    Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

14.    Plaintiff knew that Defendant was using an automatic telephone dialing system, automated message and/or prerecorded voice because the calls would begin with a recording before transferring to a live agent or hanging up.

15.    Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect an alleged student loan.

16.    Shortly after the calls started, Plaintiff told Defendant to stop calling, thereby revoking any consent Defendant might have thought it had to call.

17.    Plaintiff also told Defendant she refused to pay the debt because her student loans were supposed to have been discharged due to disability.

18.    Defendant heard and acknowledged Plaintiff's instructions to stop calling her.

19.    However, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone.

20.    Defendant continued to call Plaintiff on her cellular telephone.

21.    Once Defendant was told its calls were unwanted and to stop calling, its continued calls were made with the knowledge that it lacked consent to call.

22.    Plaintiff found Defendant's repeated calls to her cellular telephone invasive, harassing, annoying, frustrating, aggravating, and stressful.

23.    Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

24.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25.    Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

26.    Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27.    Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

28.    After Plaintiff told Defendant to stop calling, Defendant knew or should have known it did not have consent to call and/or that nay consent it thought it had was revoked.

29.    Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

30.    Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual  monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

31.    Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation for knowing or intentional conduct be applied to calls placed.

32.    Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

33.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STACY GREEN, respectfully prays for a judgment as follows:

      a.     All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

      b.     Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

      c.     Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

      d.     Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

      e.     Any other relief deemed appropriate by this Honorable Court.

      f.

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, STACY GREEN, demands a jury trial in this case.

- 6 -

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

Dated: August 28, 2017

By: /s/ Amy L. B. Ginsburg
Amy L. B. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT