UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**Stacy Green**,

        Plaintiff,

v.

**Navient Solutions, LLC**,

        Defendant.

Civil Action No. 1:17-cv-01453-VEH

## Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment

Plaintiff, Stacy Green, through undersigned counsel, submits the following memorandum of law in opposition to Defendant Navient Solutions, LLC's motion for summary judgment (Docket Entry No. 30):

### I.     Introduction and background

Navient claims that the Bipartisan Budget Act of 2015, Pub. L. 114-74, 129 Stat. 584 § 301 (2015) (codified at 47 U.S.C. § 227(b)(1)(A)(iii)), exempts it from the requirement of the Telephone Consumer Protection Act, 47 U.S.C. § 227, to obtain the prior express consent of the user of a cellular telephone to place calls with an ATDS or prerecorded voice where the calls are placed in connection with collection of a federally-guaranteed student loan. However, contrary to Navient's

1

assertions, the Bipartisan Budget Act does not provide a blanket exemption to the consent requirement. Rather, it allowed the Federal Communications Commission and the courts to shape the contours of a more limited exemption.

Congress gave the FCC explicit authority to craft rules implementing the Act, recognizing that while ATDS and prerecorded-voice technology may have some legitimate use in the context of collecting federally-guaranteed loans, they also create a temptation to abuse the borrower through excessive, inconvenient, and harassing calls. See 47 U.S.C. § 227(b)(2)(H). The FCC later exercised that power to protect consumers by issuing regulations to limit loan servicers to three calls within any given 30-day period, and no calls at all if the borrower has specifically requested calls to stop. See In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 31 F.C.C. Rcd. 9074, 9089-90 (2016) (2016 FCC Order). At a minimum, these regulations clearly demonstrate that Congress intended the Bipartisan Budget Act to merely relieve servicers of federally-guaranteed loans from having to show initial consent to call, not to grant them impunity to abuse and immiserate already-struggling borrowers.

Green has testified she repeatedly told Navient to stop calling her, particularly around May 2016. See Exhibit B, Transcript of the Deposition of Stacy Green, at 53:7 to 54:15. This testimony is at a minimum sufficient to establish an issue of

material fact as to whether Navient had consent to call Green. As further explained below, Green's claims are therefore not barred, and Navient's motion must be denied.

## II.     Counterstatement of Undisputed Material Facts

    A.     Responses to Navient's Statements

        1.     Admitted.

        2.     Admitted in part and denied in part, as follows:

            a.     Admitted that Navient serviced Green's loan.

            b.     Green lacks knowledge of the date Navient was transferred Green's loan for servicing or the identity of the transferor of the loan. This information was not produced in discovery and thus to the extent such information is relevant, Green demands strict proof of Navient's allegations and reserves the right to cross-examine Navient's corporate witness. To that extent, denied.

            c.     Admitted that Green stopped making payments on her loan. However, the allegation that Green's loan defaulted on November 25, 2016 is a conclusion of law to which no response is required. To the extent a response is required, denied.

3

3. Admitted in part and denied in part. Admitted that NYHESC purchased the loan and was the guarantor of the loan. However, the allegation that Green's loan defaulted on November 25, 2016 is a conclusion of law to which no response is required, and is denied to the extent a response is required. Green lacks knowledge of the exact date NYHESC purchased the loan. This information was not produced in discovery and thus to the extent such information is relevant, Green demands strict proof of Navient's allegations and reserves the right to cross-examine Navient's corporate witness; to that extent, denied.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted; but see Paragraphs 12-14 below.

9. Admitted in part and denied in part. Admitted that Navient called Green between May 2016 and August 26, 2018 to collect on the loan. The allegation that Green's loan was past due when the calls were made is a conclusion of law to which no response is required, and is denied to the extent a response is required.

10. Admitted.

11. Admitted in part and denied in part. Admitted that Navient ceased servicing the loan. The allegation that Green's loan defaulted on November 25, 2016 is a conclusion of law to which no response is required, and is denied to the extent a response is required.

B. Additional Statements of Undisputed Material Fact

12. Throughout the period Navient was calling her, including the period from May 2016 through August 25, 2016, Green received repeated calls and voice messages from Navient with an audibly prerecorded or computer-generated voice. See Exhibit A, Affidavit of Stacy Green, at Paragraphs 13-14 and Exhibit B at 60:3 to 60:8.

13. Green told Navient's live representatives to stop calling multiple times, starting no later than May 2016. See Exhibit A at Paragraph 16-17 and Exhibit B at 53:7 to 54:15.

14. Green continued to tell Navient's live representatives to stop calling her until Navient's calls ceased. See Exhibit A at Paragraphs 17-18 and Exhibit B at 53:7 to 54:15.

15. Green found Navient's repeated calls stressful, frustrating, annoying, harassing, undignified, and a waste of time. See Exhibit A at Paragraph 19 and Exhibit B at 69:12 to 69:17.

### III.   Standard of review

Summary judgment is only proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a dispute of material fact exists or is genuine, the court must believe the evidence of the party not seeking summary judgment and draw all inferences from the evidence in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

Therefore, a party seeking summary judgment must show by reference to the pleadings, admissions, answers to interrogatories, depositions, and affidavits that there are no material facts truly in dispute in the case. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Only after the moving party satisfies this initial burden must the non-moving party present specific evidence that there remains a genuine issue for trial. See Anderson, 477 U.S. at 256. At summary judgment, the opposing the motion for summary judgment is entitled to have their allegations taken as true, to receive the benefit of the doubt when their assertions conflict with those of the movant and to have inferences from the underlying facts drawn in their favor. See

Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F. 2d 1358, 1362-63 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993).

### IV.  Argument

Navient claims it is excused from having to show Green granted it prior express consent based on the Bipartisan Budget Act of 2015. In November 2015, Congress amended the TCPA, tweaking the rules slightly for autodialed calls "made solely to collect a debt owed or guaranteed by the United States." Bipartisan Budget Act of 2015, Pub. L. 114-74, 129 Stat. 584 (2015) (codified at 47 U.S.C. § 227(b)(1)(A)(iii)). Congress provided that autodialed calls to a cellular telephone do not require "prior express consent" if the "call is made solely to collect a debt owed to or guaranteed by the United States." Subsequent FCC rulemaking and case law have clarified that this provision is an extension of the defense of prior express consent, establishing that qualifying callers have consent to call as a matter of law until it is revoked. Cooper v. Navient Sols., LLC, 2017 WL 1424346 at *1 (M.D. Fla. Apr. 21, 2017). However, once consent is revoked, even a qualifying caller must stop calling. Id.

The Act directed the FCC to "prescribe regulations to implement the [Budget Act's] amendments" and to adopt rules regarding limitations on such calls. Id. "The FCC ruled that the "maximum number of telephone calls that may be made to a debtor is (A) three telephone calls within a thirty day period and (B) zero telephone

7

calls following a request by the debtor for no further telephone calls." Glick v. Performant Fin. Corp., 2017 WL 786293 at *1 (N.D. Cal. Feb. 27, 2017) (citing 2016 FCC Order, 31 F.C.C. Rcd at 9104 (2016) (2016 FCC Order)

Such a burden-shifting approach (as opposed to an absolute-exemption approach) to exceptions to the prior-express-consent requirement is common in TCPA law. Established exceptions for some medical calls and the "wireless carrier exception" for a cellular carrier placing calls to its own subscribers are treated as granting initial prior express consent as a matter of law. In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 7 F.C.C. Rcd. 8752 (1992) ("cellular carriers need not obtain additional consent from their cellular subscribers prior to initial autodialer and artificial and prerecorded message calls..."). However, FCC regulations also state that no matter how consent is granted, a called party may revoke that consent; a request to stop calling thus revokes all prior permissions under the TCPA. See generally 2015 FCC Order, 30 F.C.C. Rcd. 7691; and In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991 (SoundBite Comms., Inc.), 27 F.C.C. Rcd. 15391 (2012) ("SoundBite Order"); see also Gager, 727 F.3d at 271, and Van Patten, 847 F.3d at 1048. A request to stop calling may be oral or written using any reasonable means the called party chooses. Id.

The Middle District of Florida recognized this synthesis in a case strikingly similar to this one (and one where Navient was the defendant, no less), where the borrower first asked Navient to stop calling her in January 2016. See Cooper, 2017 WL 124346 at *1. Navient nonetheless continued to call the borrower over 100 times through to the following July. See id. The court held that, based on the prior TCPA caselaw and the 2016 FCC Order, it was required to deny Navient summary judgment. See id. at *2 (citing Mais v. Gulf Coast Collection Bureau, Inc., 768 F.3d 110, 119 (11th Cir. 2014)).

Green orally Navient to stop calling her around May 2016. See Statement of Uncontroverted Material Fact (SUMF) at Paragraph 13. She further alleges that she repeated that instruction multiple times in the following months. See id. at Paragraph 14. Nevertheless, Navient kept calling her through to August 2016. See id. This is precisely the sort of instruction callers seeking to collect federally guaranteed debts must honor under the FCC orders and case law. The Bipartisan Budget Act is therefore not dispositive of Green's claim, and thus Navient's motion for summary judgment must be denied.

## V.   Conclusion

The Bipartisan Budget Act does not give servicers of federally-guaranteed loans absolute permission to place ATDS and prerecorded voice calls so long as they are calling regarding the loan. Rather, it merely relieves them of the burden of

obtaining prior express consent to call. Once a borrower asks for such calls to cease, they must cease. There is thus at a minimum a genuine issue of material fact regarding prior express consent to call, Bipartisan Budget Act notwithstanding, and thus Navient's motion must be denied.

                                                      Respectfully submitted,

Dated: September 25, 2018        By: *s/ Joseph C. Hoeffel*
                                                 Joseph C. Hoeffel, Esq.
                                                 Kimmel & Silverman, P.C.
                                                 30 East Butler Pike
                                                 Ambler, PA 19002
                                                 Phone: 215-540-8888
                                                 Facsimile: 877-788-2864
                                                 Email: jhoeffel@creditlaw.com

## Certificate of Service

I certify that on September 25, 2018, a copy of the foregoing was filed electronically through the Court's electronic filing system. Notice of this filing will be sent to the following by operation of that system. Parties may use the system to access this filing.

>Mark D. Villanueva, Esq.
>Brandon R. Gamble, Esq.
>Stradley Ronon Stevens & Young, LLP
>2005 Market St.
>Suite 2600
>Philadelphia, PA 19103
>mvillanueva@stradley.com
>bgamble@stradley.com
>
>Clark R. Hammond, Esq.
>Wallace Jordan Ratliff & Brandt, LLC
>P.O. Box 530910
>Birmingham, AL 35253
>chammond@wallacejordan.com
>
>*Counsel for Defendant*

*s/ Joseph C. Hoeffel*
Joseph C. Hoeffel, Esq.
